UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
  AGNES XIAOHONG XIE,                    :
                                                     :
                             Plaintiff,  :
                                                   :            15 Civ. 4546 (LGS)
                  -against-                 :
                                                 :            **OPINION AND ORDER**
  JPMORGAN CHASE SHORT-TERM         :
  DISABILITY PLAN, et al.,                  :
                                 Defendants. :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      Plaintiff Agnes Xie, acting pro se, sues JPMorgan Chase Short-Term Disability Plan and JPMorgan Chase Employee Relations Executive to recover short-term disability benefits related to her former employment at Defendants' bank. On December 1, 2015, Defendants moved to dismiss the First Amended Complaint (the "Complaint"), the operative complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, JPMC's motion is DENIED.

**I.     BACKGROUND**

      The following facts are taken from the Complaint and assumed to be true for the purposes of this motion. *See Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015).

      On September 12, 2013, Xie was offered a position as an Executive Director in the Model Risk & Development Group in JPMorgan Chase Bank, N.A.'s ("JPMC") New York office. Xie began working full time on September 30, 2013. As part of her employment contract, Xie was enrolled in JPMC's Short-Term Disability Plan (the "Plan") and other benefit plans included as part of JPMC's "Wrap Plan."

      From mid-October to December 10, 2013, Xie complained of certain defects in her workstation that caused pain in her shoulder, neck and back, as well as severe headaches.

Specifically, Xie suffered a serious shoulder injury from her desk, which had "collapsed desk drawers." The Complaint alleges that Xie's supervisor, Thierry Bollier, knew of and acknowledged her complaints. During this time, Plaintiff attempted to gather information about the Plan from "Access HR," JPMC's department in charge of reporting leaves of absence, benefits payments and disabilities. According to the Complaint, Access HR did not provide Xie with the requested information, denied her access to the Plan's documents and refused to disclose the identity of the insurance company in charge of administering the Plan.

On December 29, 2013, Xie "commenced a leave of absence from work . . . due to [a] psychological condition . . . triggered by physical injuries that she was enduring." While on leave, Xie was informed by Access HR that she could not file a claim for short-term disability benefits or workers' compensation because she had not completed a ninety-day "Introductory Period." Xie was terminated on December 30, 2013, but before then had never received a written termination notice from either her manager or JPMC's Human Resources department.

After her termination, Xie contacted the New York State Workers' Compensation Board and its Disability Benefits Bureau (collectively, the "WCB"), which allegedly informed her that JPMC's policies violated state laws. On March 25, 2014, after Plaintiff brought the WCB's determination to the attention of Disability Management Services ("DMS"), the fiduciary in charge of the decision whether to award or deny benefits under the Plan, DMS sent her the application forms necessary to file a disability claim. Plaintiff filed her claim the same day.

On April 9, 2014, DMS denied Xie's claim for New York statutory benefits and short-term disability benefits under the Plan because her claim was not timely filed. Plaintiff filed an administrative appeal on April 28, 2014, which DMS denied on June 10, 2014. Xie filed two amended administrative appeals, which DMS refused to consider. On July 14, 2014, the WCB

determined that Xie was entitled to statutory benefits for the period running from December 2013 to June 2014. DMS reversed its prior denial of New York statutory benefits on July 24, 2014, but again denied Xie's claim for short-term disability benefits from JPMC under the Plan.

On June 8, 2015, Xie filed suit pursuant to § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(1)(B).

## II.     STANDARD

"On a motion to dismiss, all factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's favor." *Littlejohn*, 795 F.3d at 306. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Courts, however, read pro se pleadings with "special solicitude" and interpret them "to raise the strongest arguments that they suggest." *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (internal quotation marks omitted); *see also Boykin v. KeyCorp*, 521 F.3d 202, 216 (2d Cir. 2008) ("[D]ismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases.").

"Documents that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered." *Beauvoir v. Israel*, 794 F.3d 244, 248 n.4 (2d Cir. 2015) (internal quotation marks and alteration omitted). "'[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint,' the court may nonetheless take the document into

3

consideration in deciding the defendant's motion to dismiss . . . ." *Int'l Audiotext Network, Inc. v. AT&T*, 62 F.3d 69, 71 (2d Cir. 1995) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991)). Defendants attach as exhibits to their brief excerpts of the Plan and the Wrap Plan, as well as records from Plaintiff's administrative proceedings, all of which may be considered on this motion. *See Ivanovic v. IBM Pers. Pension Plan*, 47 F. Supp. 3d 163, 165 (E.D.N.Y. 2014), *aff'd*, 620 F. App'x 64 (2d Cir. 2015). "[W]hatever documents may properly be considered in connection with the Rule 12(b)(6) motion, the bottom-line principle is that 'once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.'" *Roth v. Jennings*, 489 F.3d 499, 510 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 563).

## III. DISCUSSION

Defendants base their motion solely on the contention that Xie is ineligible to receive benefits under the Plan because it required her to be employed for ninety days before commencing her disability leave and she had worked only seventy-two days before being terminated.[1] As explained below, the Complaint plausibly alleges Xie's eligibility under the Plan, and Defendants' factual assertions concerning when she was terminated and when she stopped being "actively employed" by JPMC raise factual issues that are inappropriate at the motion to dismiss stage.

The Complaint sufficiently alleges that Xie completed ninety days of active employment with JPMC, and therefore pleads that she is eligible under the Plan. As noted above, the Complaint alleges that Xie commenced full-time employment on September 30, 2013, and that

---

[1] Plaintiff claims, and Defendants do not deny, that the administrative proceedings below did not address Xie's eligibility under the Plan for failure to complete a ninety-day Introductory Period.

she complained of injuries caused by her defective workstation from the middle of October until December 10, 2013.  Although the Complaint is silent as to what occurred in the days between December 10 and December 29, 2013, it alleges that "Plaintiff commenced a leave of absence from work on December 29, 2013 due to psychological condition[s] which were triggered by physical injuries that she was enduring."  Based on the allegation that Xie was paid by JPMC "through to December 30, 2013" (and therefore using December 30 as the last date she worked), the Complaint calculates that she had been "actively employed for a total of ninety-two (92) days."[2]

Defendants assert that she worked only seventy-two days before her termination, and that "[t]he Amended Complaint erroneously refers to December 29, 2013, as the last date that Xie actively worked for the Bank."  In support of this assertion, Defendants point to four documents that they argue were either previously filed by Xie, or integral to the Complaint.  As explained below, Defendants' exhibits do not conclusively controvert the Complaint's allegations concerning when Xie stopped being "actively employed" at JPMC.

First, Defendants reference the original complaint, filed on June 8, 2015, which states: "Plaintiff commenced a leave of absence from work on 12/11/2013."  Defendants insinuate that the FAC's change of dates to December 29 was done specifically (and "erroneously") to make Plaintiff eligible to receive benefits under the Plan.  As Defendants' own authority holds, however, "[a] statement in a withdrawn complaint that is superseded by an amended complaint without the statement is no longer a conclusive judicial admission," and any contradictions with prior pleadings can be used only in attacking a witness's credibility.  *Tho Dinh Tran v. Alphonse*

---

[2]   Assuming that her last day of active employment was December 28 (the day before she allegedly commenced leave) and not December 30, 2013, Xie still would be eligible to receive benefits, as she would have completed exactly ninety days of employment before going on leave.

5

*Hotel Corp.*, 281 F.3d 23, 232 (2d Cir. 2002), *overruled on other grounds by Slayton v. Am. Exp. Co.*, 460 F.3d 215 (2d Cir. 2006).  In one of her opposition briefs, Plaintiff explains that she was not terminated until December 30, 2013, and that her supervisor "excused" her physical presence at the office from December 11, 2013, to December 30, 2013.  Although the change in the Complaint -- to a date by which Plaintiff would have completed ninety days of work before taking leave -- raises doubt, at the motion to dismiss stage the truthfulness of the allegations is assumed, and any attempt to use Plaintiff's prior pleadings against her as an admission is premature.

Defendants proffer Plaintiff's "Notice and Proof of Claim for Disability Benefits" dated June 26, 2014, which Xie submitted to the State of New York as part of her benefits claim.  Defendants claim that Xie admits in this document that she became disabled on December 11, 2013, and did not work thereafter.  As an initial matter, based on Defendants' own description of the document, it is unclear whether this particular form was submitted in conjunction with Xie's claim for benefits under the Plan.  As Defendants concede, "Xie's successful efforts to obtain New York statutory benefits for short-term disability . . . have no bearing on this lawsuit," which seeks benefits only under the Plan.  Although tangentially related to Plaintiff's claim in this case, documents concerning her parallel attempts to recover state statutory benefits are not "integral" to this action for short-term disability benefits under the Plan, and may not be considered in a motion to dismiss under Rule 12.  *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) ("[A] plaintiff's *reliance* on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough.").

But even if this document were properly considered on this motion, it does not definitively contradict the Complaint's allegation that Xie commenced a leave of absence on December 29, 2016.  Although Xie listed December 11, 2013, as the date she became disabled and selected "No" to the question asking whether she had "since worked for wages or profit," she also indicated on other parts of the form that she was employed until December 30, 2013, and that she had received wages from December 11 to December 30, 2013.  Taken as a whole, the exhibit is ambiguous, and Defendants' reading of it is insufficient to contradict the Complaint's factual allegations concerning the end of Xie's employment at JPMC.

Defendants' remaining exhibits are either not properly before the court on this motion or unavailing.  In one, an August 13, 2015, letter to DMS amending her administrative appeal, Xie wrote in the "factual background" section that she "stopped working since 12/11/2013 due to STD."  The other is a July 14, 2014, determination from the WCB, which determined that Xie was entitled to New York statutory benefits but identified December 11, 2013 as the "Date Disability Began."  Neither exhibit contradicts the Complaint's allegations that Plaintiff had been suffering from pain throughout her body, and suffered a serious injury to her shoulder that led her to commence a leave of absence on December 29, 2016.  As described above, any statement as to when she stopped working is ambiguous given her explanation that she was excused from coming into the office but never placed on any form of leave before December 29, 2013.  Documents in the administrative record identifying December 11, 2013, as the date of her disability likewise are not inconsistent with the explanation that Xie remained actively employed at JPMC (but excused from coming into the office) until she began a leave of absence on December 29, 2013.

7

Defendants do not submit any document that, properly considered at motion to dismiss, "incontrovertibly contradicts the allegations in the complaint" that Plaintiff was actively employed at JPMC for at least ninety days, and therefore eligible to receive benefits under the Plan. *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013). The Complaint's allegations are therefore accepted as true, and Defendants' motion to dismiss under Rule 12(b)(6) is denied.

Even if Defendants' exhibits were to be considered and this motion were treated as one for summary judgment pursuant to Rule 12(d), Defendants' motion would fail. *See* Fed. R. Civ. P. 12(d) ("If . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). As described above, a factual issue remains as to when Xie's full-time employment ceased, notwithstanding Defendants' proffered exhibits. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S 242, 248 (1986) ("[S]ummary judgment will not lie if the dispute about a material fact . . . is such that a reasonable jury could return a verdict for the nonmoving party.").

### III.   CONCLUSION

For the foregoing reasons, Defendant's motion is DENIED. The Clerk of Court is directed to close the motion at Docket No. 31.

SO ORDERED.

Dated: July 20, 2016,
 New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

8