USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/19/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AGNES XIAOHONG XIE,  :
:
                            Plaintiff,  :
:    15 Civ. 4546 (LGS)
         -against-  :
:    **OPINION AND ORDER**
JPMORGAN CHASE SHORT-TERM  :
DISABILITY PLAN, et al.,  :
                          Defendants.  :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

    Plaintiff Agnes Xie, acting pro se, sues JPMorgan Chase Short-Term Disability Plan and JPMorgan Chase Employee Relations Executive to recover short-term disability benefits related to her former employment at Defendants' bank. On March 11, 2017, Plaintiff moved for leave to file a second amended complaint, and on May 4, 2017, requested permission to file medical records under seal in connection with her motion to amend. In an Opinion, Report and Recommendation dated June 7, 2017 (the "Opinion"), Magistrate Judge Katharine H. Parker granted in part, and recommended denying in part, Plaintiff's motion to amend, and denied as moot permission to file documents under seal. Having obtained extensions of the relevant deadline, Plaintiff timely objected to the recommendation denying leave to amend only. For the following reasons, Plaintiff's objection is overruled.

    Familiarity with the Opinion, the underlying facts and procedural history is assumed.

**I.    STANDARD**

    **A.    Objections to Denial of Motion to Amend Complaint**

    For objections to a magistrate judge's ruling on nondispositive matters, Rule 72(a) provides that district courts must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A);

*Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007). When reviewing a magistrate judge's order regarding a dispositive motion, a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b).

The Opinion's recommendation to deny Plaintiff's motion to amend is deemed a denial and treated as a nondispositive matter. In *Fielding*, the Second Circuit stated in dicta that "a district judge may refer nondispositive motions, such as a motion to amend the complaint, to a magistrate judge for [a] decision," subject to review under the "clearly erroneous" standard. 510 F.3d at 178. Since *Fielding*, courts in this district appear to have consistently applied the "clearly erroneous" standard to evaluate the denial of leave to amend by a magistrate judge, regardless of whether the denial foreclosed potential claims. *See, e.g.*, *MPI Tech A/S v. Int'l Bus. Machs. Corp.*, No. 15 Civ. 4891, 2017 WL 481444, at *3 (S.D.N.Y. Feb. 6, 2017) (overruling objection to denial of leave to amend to add counterclaims); *Levy v. Young Adult Inst., Inc.*, No. 13 Civ. 2861, 2016 WL 4402038, at *1–2 (S.D.N.Y. Aug. 18, 2016) (same); *Tardif v. City of New York*, No. 13 Civ. 4056, 2016 WL 2343861, at *1 (S.D.N.Y. May 3, 2016) (overruling objection to denial of leave to amend to add, among other things, new claims).

"A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). A ruling is contrary to law if it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Winfield v. City of New York*, No. 15 Civ. 5236, 2017 WL 5054727, at *2 (S.D.N.Y. Nov. 2, 2017). "It is well-settled that a magistrate judge's resolution of a nondispositive matter should be afforded substantial deference and may be overturned only if

2

found to have been an abuse of discretion." *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 678 (S.D.N.Y. 2007). "In reviewing the decision of a magistrate judge, a district judge should not consider factual evidence that was not presented to the magistrate judge." *Verint Sys. Inc. v. Red Box Recorders Ltd.*, 183 F. Supp. 3d 467, 470 (S.D.N.Y. 2016) (internal quotation marks omitted).

### B. Leave to Amend

Leave to amend "should be 'freely give[n] . . . when justice so requires,' Fed. R. Civ. P. 15(a)(2), but should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *United States ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 28 (2d Cir. 2016) (some internal quotation marks omitted and alteration in original). Here, Defendants argue that Plaintiff's proposed amendments are futile. "A proposed amendment . . . is futile when it could not withstand a motion to dismiss." *F5 Capital v. Pappas*, 856 F.3d 61, 89 (2d Cir. 2017).

"On a motion to dismiss, all factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's favor." *Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Courts, however, read pro se pleadings with "special solicitude" and interpret them "to raise the strongest arguments that they suggest." *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015); *see also Boykin v. KeyCorp*, 521 F.3d 202, 216 (2d

Cir. 2008) ("[D]ismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases.").

## II. DISCUSSION

The Opinion recommends denying -- and is deemed to have denied -- Plaintiff leave to add three new causes of action: breach of fiduciary duty under Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3); failure of non-administrators and non-parties Access HR and DMS to provide plan documents in response to oral requests under Section 502(c) of ERISA, 29 U.S.C. § 1132(c); and discrimination in violation of Section 510 of ERISA, 29 U.S.C. § 1140. Plaintiff objects to these denials. As explained below, Plaintiff's objection is overruled.

### A. Breach of Fiduciary Duty Claim

Plaintiff's proposed breach of fiduciary duty claim rests on the allegations that Defendants (1) failed to inform her that she was required to file a benefits claim under the Short-Term Disability ("STD") Plan within 30 days; (2) denied her requests to file a claim for STD benefits because she was employed for less than 90 days; (3) incorrectly advised her that she was not eligible to file a claim because she was employed for less than 90 days; and (4) knowingly concealed New York State law governing eligibility for state STD and workers' compensation benefits. The Opinion found this proposed claim improper in part because "the [proposed Second Amended Complaint ("SAC")] does not allege facts upon which it can be concluded that any of the allegedly fraudulent statements or omissions were made by fiduciaries of the Plan."

> Under ERISA,
>
> a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or a

4

responsibility to do so, or (iii) he has any discretionary authority or any discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A). The definition excludes "plan employees who perform ministerial tasks with respect to the plan, such as the application of rules determining eligibility for participation, preparation of plan communication materials, the calculation of benefits, and the maintenance of employee records." *Bell v. Pfizer, Inc.*, 626 F.3d 66, 74 (2d Cir. 2010); *see also* 29 C.F.R. § 2509.75–8 ("[P]ersons who have no power to make any decisions as to plan policy, interpretations, practices or procedures . . . perform[] purely ministerial functions" and are not fiduciaries.) As the Opinion explains, Plaintiff accuses representatives from "Access HR," an employee human resources communications channel, of misinforming her and withholding information. Access HR is neither the plan administrator nor a designated fiduciary, and the SAC contains no allegations suggesting that the information she received from various representatives arose out of anything other than individuals performing ministerial functions. The Opinion further observes that, although Plaintiff alleges that the claims administrator, JPMorgan Chase Disability Management Services ("DMS") breached a fiduciary duty, the SAC contains no factual allegations supporting that allegation. The Opinion's analysis is convincing and not clearly erroneous.

In her objection, Plaintiff cites *New York State Psychiatric Ass'n v. UnitedHealth Grp.*, 798 F.3d 125 (2d Cir. 2015), for the proposition that a claims administrator can be held liable under Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), if it appears to have exercised complete control over the plan's claims process. This point has no bearing on whether Defendants in this case can be held liable under a different provision, Section 502(a)(3).

### B. Statutory Disclosure Penalty Claims

Plaintiff claims she is entitled to recover the statutory disclosure penalty under Section 502(c) because she made multiple requests for STD Plan information and documents between November 2013 and December 2014 and never received the documents. The SAC admits that all but one of Plaintiff's requests were made orally to Access HR and DMS representatives. The Opinion found these allegations insufficient to state a claim for the statutory disclosure penalty for two reasons. First, Section 104(b)(4) of ERISA requires the plan administrator to furnish documents only upon a participant's *written* request. Second, Plaintiff allegedly made these requests to Access HR and DMS, not the plan administrator, JP Morgan Chase Employee Relations Executive.[1] *See, e.g.*, *Krauss v. Oxford Health Plans, Inc.*, 517 F.3d 614, 631 (2d Cir. 2008) (affirming dismissal of statutory damages claim because the requests for plan documents were not made to the plan administrator). There is no clear error in this reasoning.

Plaintiff's arguments to the contrary are unavailing. Plaintiff claims that DMS did not reveal to her the plan administrator's identity, that an arm injury prevented her from using a computer, that she did not get legal advice until late 2014 (when she allegedly made her written request to the plan administrator, for which the Opinion grants her leave to amend), and that she had requested her administrative file from DMS and not received it. None of these points are relevant to whether her requests triggered the penalty under Section 502(c).

---

[1] The SAC alleges that Plaintiff made one written request for STD Plan documents on December 28, 2014. Plaintiff asserts in her reply brief before Judge Parker that she mailed this request to the plan administrator and that she did not receive the requested documents by mail until May 2017. The Opinion grants Plaintiff leave to amend to add a statutory disclosure penalties claim based on this one alleged request.

### C. Discrimination Claim

Plaintiff claims that Defendants violated Section 510 of ERISA by firing her to deprive her of STD benefits. The Opinion found that this claim is covered by the arbitration agreement Plaintiff signed and thus could be resolved only in arbitration before the American Arbitration Association. The Opinion reasons that "[t]he only type of ERISA claim excluded from arbitration under the [a]greement is a claim to recover benefits under an ERISA-governed plan, which is separate and distinct from a claim for wrongful termination under Section 510." The Opinion further notes that the broad language of the agreement "evinces the intent to encompass all discrimination and retaliation claims arising out of federal law, which would include claims for discriminatory termination in violation of Section 510 of ERISA." This reasoning is not clearly erroneous.

Plaintiff argues that her Section 510 claim is not subject to arbitration because she could recover benefits if she prevails. This argument is unpersuasive. If any claim for which Plaintiff could recover unpaid benefits were excluded from arbitration, then all wrongful termination claims would be as well. This would contradict the arbitration agreement, which includes in its definition of "Covered Claims" "wrongful, retaliatory and/or constructive discharge."

### D. Leave to Add New Claims

In her objection, Plaintiff seeks to add new claims absent from the SAC, including fraud, concealment and deceit; and a Workers' Compensation Law retaliation claim. These new proposed claims are beyond the scope of the Opinion and thus are not properly considered here.

## III. CONCLUSION

For the foregoing reasons, the Opinion is deemed to have denied leave to add claims under Sections 502(a)(3) and 510 of ERISA, as well as claims under Section 502(c) of ERISA

based on plan document requests made orally to nonadministrators, and Plaintiff's objection is

OVERRULED.

The Clerk of Court is respectfully directed to close the motions at Docket Nos. 52 and 80.

Dated: January 19, 2018
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**